1  Daley & Heft, LLP
   Attorneys at Law
2  Neal S. Meyers, Esq. (SBN 109625)
   Golnar J. Fozi, Esq. (SBN 167674)
3  Matthew T. Racine, Esq. (SBN 256865)
   462 Stevens Avenue, Suite 201
4  Solana Beach, CA  92075
   Telephone:  (858) 755-5666
5  Facsimile:  (858) 755-7870
   E-mail:  nmeyers@daley-heft.com
6            gfozi@daley-heft.com
             mracine@daley-heft.com
7
   Attorneys for Defendant
8  Rancho California Water District
   ----------------
9
   James P. Stoneman, II (SBN 94523)
10 Law Offices of James P. Stoneman, II
   100 West Foothill Blvd.
11 Claremont, CA  91711
   Telephone:  (909) 621-4987
12 Facsimile:  (909) 624-1427
   E-mail:  jim@stonemanlaw.com
13
   Attorney for Plaintiff
14 Perry Louck

15

16                 **UNITED STATES DISTRICT COURT**

17                 **CENTRAL DISTRICT OF CALIFORNIA**

18 | PERRY LOUCK,                          | Case No.: ED CV 11 - 01427 VAP |
19 |                 Plaintiff,            |            (OPx)               |
20 |        v.                             | **AGREED PROTECTIVE ORDER**    |
   |                                       | **GOVERNING CONFIDENTIAL**     |
21 | RANCHO CALIFORNIA WATER               | **INFORMATION**                |
   | DISTRICT, and DOES 1 through 10,      |                                |
22 | inclusive,                            | Trial Date: None set           |
23 |                 Defendants.           |                                |

24

25     The parties to the above-captioned litigation submit the following agreed

26 protective order for the court's review and approval:

27 ///

28 ///

                                        1

**GOOD CAUSE SHOWING**

Defendant Rancho California Water District and plaintiff Perry Louck, having met and conferred, agree that good cause exists under Rule 26(c) of the Federal Rules of Civil Procedure to enter a protective order in the above-captioned litigation.

Plaintiff's lawsuit challenges the basis for the decisions made by defendant during multiple employee recruitments during which plaintiff sought the open positions. Defendant has documents relating to these recruitments which contain confidential personnel information about third-parties. This information includes current salaries, Social Security numbers, employment history, and related information. Moreover, the fact that these people applied for a position with defendant is something that certain applicants prefer to keep confidential.

In addition, defendant believes that personnel information of its current employees is discoverable in this litigation. Disclosure of the personnel information of current employees is a highly-sensitive matter and any such information disclosed should be treated as highly confidential.

Citizens of California have a constitutional right to privacy if that expectation of privacy is reasonable. (*El Dorado Savings & Loan Assoc. v. Superior Court* (1987) 190 Cal.App.3d 342.) Here, it is reasonable for applicants to assume that no one other than those in charge of hiring at defendant would see their application material. It is likewise reasonable for applicants and current District employees to assume their information would not be disclosed during litigation.

Consequently, there is good cause for the Court to approve this stipulation protective order.

///

///

///

2

## TERMS OF PROTECTIVE ORDER

**WHEREAS**, the undersigned Parties having shown good cause for entry of this agreed protective order, the Court approves the following terms governing confidential information,

**IT IS HEREBY ORDERED THAT:**

1.    (a) Any party may designate as "CONFIDENTIAL" any documents, discovery responses, electronic data, deposition transcripts, exhibits or other materials produced or generated in this matter involving the personnel information of third-parties applicants for employment that it reasonably believes qualify for protection under standards developed under Federal Rule of Civil Procedure 26 (c) and orders of the court herein.

(b) Further, subject to the same standards set forth in paragraph 1(a), either party may designate as "CONFIDENTIAL" any documents, discovery responses, electronic data, transcripts, exhibits or other materials of:  (a) any Rancho California Water District current or former employee including, but not limited to, his or her personnel file; and (b) any other confidential personnel, private or confidential information involving a former or current Rancho California Water District employee;

2.    Parties will exercise restraint and care in designating materials for protection.

(a) Each party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A designating party must take care to designate for protection only those specific parts of material, documents, items, or oral or written communications that qualify - so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Case No. ED CV 11 - 01427 VAP (OPx)

(b) Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties) are prohibited.

3.     Designations in conformity with this Order may be made as follows:

(a) for any material that qualifies for protection under this Order, by clearly designating it as such before the material is disclosed or produced, except as otherwise provided in this Order or as otherwise stipulated or ordered;

(b) for information in documentary form (other than depositions or other transcripts), by stamping or labeling as "CONFIDENTIAL" on each page that contains protected material.  If either party believes that this labeling method is burdensome, the parties will meet and confer and agree upon an alternative means of designating protected material;

(c) for testimony given in deposition or other proceeding, by identifying on the record, before the close of the proceeding, all testimony that is considered "CONFIDENTIAL"; and

(d) for information or items produced in some form other than documentary, by stamping or labeling the exterior of the container(s) in which the information or item is stored "CONFIDENTIAL."

4.     Documents and information designated "CONFIDENTIAL" in accordance with this Order shall be used solely for the purpose of discovery, preparation, settlement, trial, and/or appeal of this action, and, unless the Court rules otherwise, such documents or information designated as "CONFIDENTIAL" shall not be disclosed to any person other than:  (a) counsel of record to any party to this Order; (b) the legal, clerical, paralegal, or other staff of such counsel to this action employed during the preparation for and settlement, trial and appeal of this action; (c) plaintiff Perry Louck; (d) the

officers, agents and employees of defendant whom defendant believes in good faith have a need to review such documents or information and those whom plaintiff believes in good faith have a need to review such documents or information; (e) persons retained by either party to this Order to furnish consultant or expert services or advice or to give expert testimony in this action (and their employees); (f) deponents, trial witnesses, potential witnesses [whom attorneys for plaintiff or defendant in good faith have determined need to review such documents or information] and court reporters in this action [subject to court order for any documents under seal]; (g) the Court, Court personnel and jurors [subject to court order for any documents under seal]; and (h) the author of the document or information. "CONFIDENTIAL" documents or information disclosed to any such person shall not be disclosed by him/her to any other person not included within the foregoing subparagraphs (a) through (h) of this paragraph.

5.    Any person who is to obtain access to material subject to this Order pursuant to paragraph 4(a), 4(b), 4(e), and 4(f) – as it relates to potential witnesses – shall prior to receipt of such material: (a) be informed by the party providing access to such material of the terms of this Order; (b) agree in writing to be bound by the terms of this Order by executing the attached Agreement; and (c) submit to the authority of this Court for enforcement of this Order.

6.    Except for use in deposition and trial of the matter, if counsel for a party herein shall hereafter desire to make material subject to this Order available to the author of protected material who is not entitled to disclosure pursuant to any person other than those referred to in paragraphs 4 above, such counsel shall designate the material involved, identify the person to whom he/she wishes to make disclosure, and inform counsel for the opposing party of their desire. If the parties are subsequently unable to agree on the terms and conditions of disclosure to persons not enumerated in paragraphs 4, disclosure may be made

5

1    only on such terms as the Court may order.

2        7.    If a party objects to the designation of any document or information

3    as "CONFIDENTIAL" counsel for the objecting party shall notify all counsel of

4    record of the objection.  The parties shall meet and confer regarding this dispute.

5    If the parties' dispute regarding the objection cannot be resolved by agreement,

6    counsel seeking the designation of that document or information as confidential

7    may do so by filing a motion with this Court.  The burden of persuasion in any

8    such challenge proceeding shall be on the designating party.  If the party seeking

9    the designation does not file a motion within 15 calendar days of the conclusion

10   of the meet-and-confer process, the document or information will be treated as

11   non-confidential, subject to objection lodged by a third party.  Counsel seeking

12   to challenge the designation shall have the opportunity to oppose the designating

13   party's motion.  The documents or information in question shall remain under the

14   protection of this Order pending ruling on the motion or the expiration of 15

15   calendar days after the meet and confer has concluded.

16       8.    Without written permission from the party with an interest in

17   protecting material subject to this Order, or a court order secured after

18   appropriate notice to all interested persons, a party may not file in the public

19   record (except under seal as provided in Civil L. R. 79-5) any material subject to

20   this Order.

21       9.    The provisions of this Order shall not terminate at the conclusion of

22   this action.  Within 60 days after final termination of this action, including any

23   appeals, the parties shall return to counsel for a party that produced materials

24   subject to this Order original and all copies of such materials.  At such time, each

25   party must certify in writing that the terms of this paragraph have been complied

26   with.  Notwithstanding the provisions of this paragraph, counsel are entitled to

27   retain any attorney work product, even if it contains material subject to this

28   Order.  Any such retained materials shall remain subject to the terms of this

1 | Order.

2 |     10.   Any material subject to this Order, and which is otherwise

3 | admissible, may be used at trial, provided, however, that the parties agree that

4 | they will work with the Court to identify trial procedures, including but not

5 | limited to court seals, that will protect and maintain the non-public nature of

6 | sensitive and confidential information.

7 |     11.   Nothing contained in this Order, nor any action taken in compliance

8 | with it, shall (a) preclude any party or third party from objecting to the initial

9 | request, demand or exchange of any discovery or document which it considers

10 | confidential, privileged or otherwise subject to privacy protection; (b) operate as

11 | an admission or assertion by any witness or person or entity that any particular

12 | document or information is, or is not, confidential; or (c) prejudice in any way

13 | the right of any party to seek a Court determination of whether it should remain

14 | confidential and subject to the terms of this Order.  Any party to this Order may

15 | request the Court to grant relief from any provision of this Order.

16 |     12.   Nothing herein constitutes or may be interpreted as a waiver by any

17 | party or third party of the attorney-client privilege, attorney work product

18 | protection, rights available to any party due to an inadvertent disclosure as

19 | provided by law or any other privilege or confidentiality right.

**IT IS SO ORDERED.**

DATED:   3/5/12                                       

UNITED STATES MAGISTRATE JUDGE

///
///
///
///
///

7

**APPROVED AS TO FORM AND CONTENT:**

Dated:  February  16  , 2012          Law Offices of James P. Stoneman, II

By: _____
    James P. Stoneman, II
    Attorney for Plaintiff
    Perry Louck
    E-mail:  jim@stonemanlaw.com

Dated:  February  17, 2012           Daley & Heft, LLP

By: _____
    Neal S. Meyers
    Golnar J. Fozi
    Matthew T. Racine
    Attorneys for Defendant
    Rancho California Water District
    E-mail:  nmeyers@daley-heft.com
            gfozi@daley-heft.com
            mracine@daley-heft.com

8

1  Daley & Heft, LLP
   Attorneys at Law
2  Neal S. Meyers, Esq. (SBN 109625)
   Golnar J. Fozi, Esq. (SBN 167674)
3  Matthew T. Racine, Esq. (SBN 256865)
   462 Stevens Avenue, Suite 201
4  Solana Beach, CA  92075
   Telephone:  (858) 755-5666
5  Facsimile:  (858) 755-7870
   E-mail:  nmeyers@daley-heft.com
6          gfozi@daley-heft.com
           mracine@daley-heft.com
7
   Attorneys for Defendant
8  Rancho California Water District
   ----------------
9
   James P. Stoneman, II (SBN 94523)
10 Law Offices of James P. Stoneman, II
   100 West Foothill Blvd.
11 Claremont, CA  91711
   Telephone:  (909) 621-4987
12 Facsimile:  (909) 624-1427
   E-mail:  jim@stonemanlaw.com
13
   Attorney for Plaintiff
14 Perry Louck

15

16                    UNITED STATES DISTRICT COURT

17                   CENTRAL DISTRICT OF CALIFORNIA

18 | PERRY LOUCK,                          | Case No.: ED CV 11 - 01427 VAP
19 |              Plaintiff,                |          (OPx)
   |                                        |
20 |       v.                              | **AGREEMENT TO BE BOUND BY
   |                                        | AGREED PROTECTIVE ORDER**
21 | RANCHO CALIFORNIA WATER                |
   | DISTRICT, and DOES 1 through 10,       | Trial Date: None set
22 | inclusive,                             |
23 |              Defendants.               |

24

25     I, _____, the undersigned, hereby

26 acknowledge that I have received a copy of the Agreed Protective Order entered

27 in this action, and that I have read the Order and agree to be bound by all of the

28 provisions in it.  I recognize that during my participation in this case, I may have

                                          1

occasion to read or hear matters that are designated CONFIDENTIAL. I agreed

not to disclose any such matter to any person not entitled to receive disclosure of

same under the provisions of the Order and to use any such matter solely in

connection with my participation in this case. I also agree to return any materials

protected by the Order to counsel for the party that supplied me with such

materials as soon as my participation in the case is concluded. I understand that

violation of this Order may subject me to Court imposed sanctions or other

penalties.


Dated: _____     _____
                                     Signature

                                     _____
                                     Print Name

                                     _____
                                     Print Address

Case No. ED CV 11 - 01427 VAP (OPx)

1   Daley & Heft, LLP
    Attorneys at Law
2   Neal S. Meyers, Esq. (SBN 109625)
    Golnar J. Fozi, Esq. (SBN 167674)
3   Matthew T. Racine, Esq. (SBN 256865)
    462 Stevens Avenue, Suite 201
4   Solana Beach, CA  92075
    Telephone:  (858) 755-5666
5   Facsimile:  (858) 755-7870
    E-mail:  nmeyers@daley-heft.com
6           gfozi@daley-heft.com
            mracine@daley-heft.com
7

8   Attorneys for Defendant
    Rancho California Water District
9

10              **UNITED STATES DISTRICT COURT**

11             **CENTRAL DISTRICT OF CALIFORNIA**

12   PERRY LOUCK,                          Case No.: ED CV 11 - 01427 VAP
                                                    (OPx)
13              Plaintiff,
                                           **CERTIFICATE OF SERVICE**
14        v.

15   RANCHO CALIFORNIA WATER
     DISTRICT, and DOES 1 through 10,      Trial Date: None set
16   inclusive,

17              Defendants.

18

19        I, Patricia A. Cartwright, declare:

20        I am over the age of 18 and not a party to the action.  I am employed in the

21   County of San Diego, California.  My business address is 462 Stevens Avenue,

22   Suite 201, Solana Beach, California.

23        On February 17, 2012, I served the following documents described as:

24        **AGREED PROTECTIVE ORDER GOVERNING CONFIDENTIAL**

25   **INFORMATION**

26   on all interested parties in this action addressed as follows:

27   ///

28   ///

                                    1

ATTORNEY FOR PLAINTIFF:

James P. Stoneman, II, Esq.
Law Offices of James P. Stoneman, II
100 West Foothill Blvd.
Claremont, CA 91711
Tel: (909) 621-4987
Fax: (909) 624-1427
E-mail: jim@stonemanlaw.com

__X__  BY ELECTRONIC SERVICE:  On the date stated below, I served
the documents via CM/EFC described above on the designated
recipients through electronic transmission of said documents; a
certified receipt is issued to filing party acknowledging receipt by
CM/EFC's system.  Once CM/EFC has served all designated
recipients, proof of electronic service is returned to the filing party.

___  BY MAIL:  By placing an envelope for collection and mailing following
our ordinary business practices, I am readily familiar with the office's
practice of collecting and processing of documents for mailing.  Under that
practice it would be deposited with the United States Postal Service on the
same day in a sealed envelope with first-class postage prepaid at Solana
Beach, California in the ordinary course of a business day.

___  BY FAX TRANSMISSION:  On the date stated below, I faxed the
documents to plaintiff's counsel at the fax numbers listed herein.  No error
was reported by the fax machine that I used. A copy of the record of the
fax transmission, which I printed out, is attached.

I declare under penalty of perjury under the laws of the State of California

that the foregoing is true and correct.  I declare that I am employed in the office

of a member of the bar of this court at whose direction the service was made.

Executed on February 17, 2012, at Solana Beach, California.

Patricia A. Cartwright

Case No. ED CV 11 - 01427 VAP (OPx)